MADDOX, Justice.
Santoney McGuire and Ozellar McGuire (defendants below), appeal from an adverse judgment in a quiet title proceeding. The trial court heard the evidence ore tenus, and entered a decree awarding the disputed property to the Trustees of the Whitewater Missionary Baptist Church. We affirm.
The disputed land adjoins the church grounds and in the plaintiff’s amended complaint is described as follows:
*132 “All that part of the Northeast quarter of Northeast quarter, Section 1, Township 8, Range 21, lying east of the Ozark road running from Troy to Ozark via Hilliards Crossroads in Pike County, Alabama . . . ”
The facts are undisputed that on March 3, 1906, T. E. Murphree and wife, Willie P. Murphree, executed a deed conveying the above-mentioned property to the Trustees of the Whitewater Colored School and their successors in office. On October 6, 1973, Charlie McGuire, as sole surviving trustee of the Whitewater Colored School, conveyed by deed this tract to the Whitewater Missionary Baptist Church. Subsequently, the church asked the trial court to reform the deed to the extent that the grantee would be shown as the Trustees of Whitewater Missionary Baptist Church.
In their amended answer, the McGuires claim title to the tract by virtue of a deed executed to them on January 25, 1974, by the Pike County Board of Education.
The basic issue on appeal is whether the reformed deed from Charlie McGuire to the Trustees of the Whitewater Missionary Baptist Church, dated October 6, 1973, and recorded in the office of the Judge of Probate of Pike County on October 8, 1973, conveyed a title paramount to the recorded deed of January 25, 1974, from the Pike County Board of Education to the McGuires. The court found that it did. We affirm.
Defendants contend that plaintiff failed to allege and prove peaceable possession. We cannot agree. Furthermore, the McGuires argue that Tit. 52, §§ 61(16) and 71, Code of Alabama 1940 (Recompiled 1958), had the effect of transferring and vesting legal title to the Pike County Board of Education. The trial court held otherwise. We affirm the trial court because under the evidence in this case, the property never vested by law in the public school authorities of Pike County. There was evidence to support the trial court’s finding that the Whitewater Colored School was privately owned. Admittedly, during the years that the school remained open, the Pike County Board of Education paid teachers’ salaries and furnished textbooks. The school closed its doors sometime between 1955 and 1956. However, the evidence is uncontradicted that the Pike County Board of Education made no claim to the property until it executed the deed to the McGuires in 1974. W. C. White, a deacon of Whitewater Missionary Baptist Church, testified that since the school was closed, it had not been used for anything other than as a church. Furthermore, B. C. Botts, former superintendent of the Pike County Board of Education during 1955 to 1967, testified that the property did not belong to the Board of Education, but was in the name of the local trustees. In addition, the records of the bookkeeper of the board reveal that the board made no disposition of the property. Botts further testified that it was his understanding that after the school was closed the property went back to the original owner.
Having considered the evidence, we find that the Pike County Board of Education did not have the authority and power to sell and convey by deed to the McGuires the disputed tract of land. The trial court’s decree is supported by the evidence; and, in our opinion, its award of title to the property in question to the trustees of the Whitewater Missionary Baptist Church is correct.
AFFIRMED.
FAULKNER, SHORES and BEATTY, JJ., and EMBRY, FRANK, Supernumerary Circuit Judge, sitting by designation, concur.